## S95A0700. ADDISON v. THE STATE.
### (461 SE2d 227)

SEARS, Justice.

The appellant, Rubin Lee Addison, was convicted of the murder of Bernice James, of possession of a firearm by a convicted felon, of possession of a firearm during the commission of a crime, and of concealing the death of another. Addison received consecutive sentences of life imprisonment for murder, five years for possession of a firearm by a convicted felon, five years for possession of a firearm during the commission of a crime, and one year for concealing the death of another.[1] We affirm.

1. In his first and second enumerations of error, Addison contends that the evidence is insufficient to support the guilty verdict for murder and that the trial court erred in denying his motion for directed verdict of acquittal on that charge. We disagree.

Evidence of the following facts was presented at trial: On the evening and early morning of February 12-13, 1993, Addison, Brenda

---

[1] The crimes were committed on February 13, 1993. Addison was indicted on March 18, 1993. He was tried and sentenced on June 21, 1993. Addison filed a notice of appeal to the Court of Appeals on July 20, 1993. On September 21, 1993, Addison amended the notice of appeal by directing the appeal to this Court. The appeal was docketed in this Court on January 25, 1995, and submitted without oral argument on March 20, 1995.

Grant, and the victim went to various nightclubs in northern Florida. While driving back to Cairo, Georgia, Grant was driving the vehicle, Addison was seated in the front passenger seat, and the victim in the rear seat. At approximately 2:00 a.m., as the group approached Cairo, Addison, with a .38 caliber pistol in hand, turned toward the victim, cocked the gun, and pointed it directly at the victim's head. A shot was fired striking the victim in the upper part of her left eye causing her death.

When considered in the light most favorable to the verdict, we conclude that the evidence was sufficient to permit a rational trier of fact to find Addison guilty beyond a reasonable doubt of murder and of the other crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his third enumeration of error, Addison argues that the trial court erred in admitting a pre-autopsy photograph of the victim into evidence. We find no error. The photograph was relevant to show the cause of death, as well as the proximity of the weapon to the victim's face at the time of firing, and was therefore admissible. See *Ramey v. State*, 250 Ga. 455, 456 (298 SE2d 503) (1983); *Baty v. State*, 257 Ga. 371, 375 (359 SE2d 655) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren, Assistant Attorney General*, for appellee.